# United States Court of Appeals for the Federal Circuit

2007-7241

JAMES C. GROVES,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Virginia A. Girard-Brady, ABS Legal Advocates, P.A., of Lawrence, Kansas, argued for claimant-appellant.

Brian T. Edmunds, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

# United States Court of Appeals for the Federal Circuit

2007-7241

JAMES C. GROVES,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-2375, Judge Mary J. Schoelen.

_____

DECIDED:  May 1, 2008

_____

Before MAYER, GAJARSA, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

James C. Groves requests that we review the final judgment of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the decision of the Board of Veterans' Appeals (Board).  The Board held that a March 1982 regional office rating decision, which denied service connection for paranoid schizophrenia, did not contain clear and unmistakable error.  We reverse and remand.

## BACKGROUND

Mr. Groves served on active duty in the United States Army from August 1969 to January 1972 and from September 1974 to December 1979.  On August 29, 1979,

during service, Mr. Groves was diagnosed with an acute psychotic episode. Mr. Groves was referred for further evaluation and diagnosed on September 7, 1979 with paranoid schizophrenia. The diagnosis noted that Mr. Groves' mental status seemed to be the same as during his hospitalization the month before. Upon his administrative discharge in December 1979, Mr. Groves received a diagnosis of "antisocial personality disorder, chronic, severe." This diagnosis did not mention schizophrenia, neither confirming nor denying Mr. Groves' earlier diagnoses.

Post-service, in September 1981, Mr. Groves was hospitalized and diagnosed with paranoid schizophrenia. In November 1981, Mr. Groves was hospitalized again and diagnosed with schizoaffective disorder. This second evaluation noted that Mr. Grove exhibited no symptoms of any personality disorders.

Subsequently, Mr. Groves filed a claim for service connection with his Veterans Affairs (VA) regional office (RO). A VA examination in January 1982 confirmed a diagnosis of paranoid schizophrenia. The examiner's report indicated that there were no service records of any kind available at that time. The report also stated that based upon Mr. Grove's own records "[a]s far as can be determined, a diagnosis of schizophrenic reaction, paranoid type has been made in the past and this is being carried forward." In March 1982, the RO issued a ratings decision that denied the service connection claim because there was "no evidence in [the service medical records] for treatment for [sic] a chronic [neuropsychiatric] condition."

On June 13, 2000, Mr. Groves requested that the RO reopen his claim for a psychiatric disability on the grounds of new and material evidence and clear and unmistakable error in the March 1982 RO decision. Mr. Groves submitted an opinion

from a VA psychiatrist dated June 12, 2000, which stated that, upon review of the service medical records, there was little doubt that the discharge diagnosis for Mr. Groves' last active duty admission in August 1979 was for a psychotic episode. A VA examination was ordered and the examiner, who reviewed the records, concluded that "without any question, . . . this man started showing psychotic manifestations of a paranoid type of nature while on active duty and has continued to do so up until this moment . . ." Based on the VA examiner's opinion, the RO granted service connection for paranoid schizophrenia, effective as of the date of the reopened claim. However, the RO concluded that the March 1982 ratings decision did not contain clear and unmistakable error and accordingly denied Mr. Groves an earlier effective date for his benefits.

Mr. Groves appealed the denial of the earlier effective date to the Board, which affirmed the RO's decision. The Board acknowledged that Mr. Groves had received a diagnosis of paranoid schizophrenia while in service. The Board also acknowledged that post-service, Mr. Groves had been hospitalized for paranoid schizophrenia and then hospitalized a second time for schizoaffective disorder. Nonetheless, the Board concluded that, despite the 1982 VA examination that diagnosed Mr. Groves with paranoid schizophrenia, the RO had not committed clear and unmistakable error because "there was no etiological opinion linking such condition to service" and "the evidence of the record in 1982 did not require a finding of service connection."

The Veterans Court affirmed the Board's decision. The Veterans Court explained that, notwithstanding the RO's error in failing to account for Mr. Groves' in-service diagnosis of schizophrenia, this error was not clear and unmistakable because

the record at the time did not necessitate a change in outcome as it failed to contain medical evidence linking Mr. Groves' post-service diagnosis of schizophrenia with his in-service diagnosis of schizophrenia.

Mr. Groves moved for reconsideration, asserting that, under 38 C.F.R. § 3.303(b), his in-service diagnosis was presumptively linked to his present diagnosis such that there was no need for him to provide further etiological medical evidence to establish the same. The Veterans Court granted his motion, issuing essentially the same opinion but adding that Mr. Groves' "ultimate in-service diagnosis was antisocial personality disorder" and that reasonable minds could conclude that his personality disorder diagnosis at discharge was distinct from his schizophrenia diagnosis.

## DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292. Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Further, absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. Id. § 7292(d)(2). We review interpretation of regulations by the Veterans Court de novo and may set aside any regulation or interpretation of a regulation that we find to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to a constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a

statutory right; or without observation of a procedure required by law.  Id. § 7292(d)(1); Smith v. Nicholson, 451 F.3d 1344, 1347 (Fed. Cir. 2006).

Mr. Groves appeals to this court arguing that the Veterans Court erred in requiring evidence of a medical nexus, an "etiological link," between the paranoid schizophrenia diagnosed during service and the paranoid schizophrenia diagnosed after discharge.  Mr. Groves argues that this requirement imposed by the Veterans Court is in direct contradiction to a proper interpretation of 38 C.F.R. § 3.303.  We agree.

38 C.F.R. § 3.303(a) provides that service connection "may be accomplished by affirmatively showing inception or aggravation during service . . ."  This provision further instructs that "[d]eterminations as to service connection will be based on review of the entire evidence of record, with due consideration to the policy of the Department of Veterans Affairs to administer the law under a broad and liberal interpretation consistent with the facts in each individual case."  Id. § 3.303(a).  Section 3.303(a) provides that each disabling condition for which a veteran seeks service connection "must be considered on the basis of . . . all pertinent medical and lay evidence."  See also Buchanan v. Nicholson, 451 F.3d 1331, 1335 (Fed. Cir. 2006).

Subsection (b), titled "Chronicity and continuity," establishes the circumstances under which service connection is attributed to a chronic disability incurred or aggravated during active service.  38 C.F.R. § 3.303(b).  It provides in relevant part:

> With chronic disease shown as such in service (or within the presumptive period under § 3.307) so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes.

Id. The plain language of § 3.303(b) establishes a presumption of service connection (rebuttable only by "clearly attributable intercurrent causes") for a chronic disease which manifests during service and then again "at any later date, however remote." Id. The Board's, and subsequently the Veterans Court's, requirement of medical evidence demonstrating an etiological link directly contradicts this interpretation of § 3.303(b) under which Mr. Groves was entitled to a presumption of service connection given that his condition diagnosed in service was chronic.

By its own regulations, the Department of Veterans Affairs has classified as chronic particular diseases, including psychoses, pursuant to 38 C.F.R. § 3.309(a), and the parties do not dispute that paranoid schizophrenia is a psychosis.[1] See 38 C.F.R. §§ 3.309(a) (listing chronic diseases); 4.130 (schizophrenia is listed in the ratings schedule "Schizophrenia and Other Psychotic Disorders"). It is undisputed that Mr. Groves was diagnosed with paranoid schizophrenia during service and again shortly after discharge. The Veterans Court therefore committed legal error by disregarding the applicability of § 3.303(b) and requiring medical evidence to establish a nexus between the two diagnoses. In applying the legal standards discussed above to the undisputed diagnoses in the record, we conclude as a matter of law that Mr. Groves is entitled to service connection for paranoid schizophrenia. See Bailey v. Principi, 351 F.3d 1381, 1384 (Fed. Cir. 2003) (en banc) (treating the availability of a legal standard as a matter of law that we are authorized by statute to address where the material facts are not in

---

[1] Even if paranoid schizophrenia were not defined as chronic by the regulations, § 3.303(b) further provides that: "When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim." The parties do not dispute that Mr. Groves was diagnosed with

dispute and the adoption of a particular legal standard would dictate the outcome of a veteran's claim). In light of our interpretation of § 3.303(b), the March 1982 ratings decision contained clear and unmistakable error. Mr. Groves is entitled to an earlier effective date for his benefits. Accordingly, we reverse the determination of the Veterans Court and remand for entry of judgment consistent with this opinion.

<u>REVERSED</u> and <u>REMANDED</u>

---

paranoid schizophrenia in September 1979 (during service) and diagnosed with paranoid schizophrenia again in September 1981 (shortly after discharge).