NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7109

BILLY L. NEWSOME,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

<u>Billy L. Newsome</u>, of The Colony, Texas, pro se.

<u>Michael N. O'Connell</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were <u>Jeanne E. Davidson</u>, Director, and <u>Brian M. Simkin</u>, Assistant Director.  Of counsel on the brief were <u>David J. Barrans</u>, Deputy Assistant General Counsel, and <u>Tracey P. Warren</u>, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7109

BILLY L. NEWSOME,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-2652, Judge Bruce E. Kasold.

_____

DECIDED: February 9, 2009
_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Billy L. Newsome appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court"), <u>Newsome v. Peake</u>, No. 06-2652 (Vet. App. Apr. 9, 2008), affirming a decision of the Board of Veterans' Appeals ("Board") that denied entitlement to service connection for hepatitis C on a direct basis and a skin disorder, impotence and a prostate disorder, all claimed as due to exposure to Agent Orange. For the reasons explained below, we <u>affirm</u>.

BACKGROUND

Mr. Newsome served on active duty from March 1970 to March 1972 with service in Vietnam from August 1970 to August 1971. During his service, he received treatment for venereal warts, penile ulcers, and chancroid. In 2002, Mr. Newsome was diagnosed with hepatitis C. In a subsequent examination by the Department of Veterans Affairs ("VA"), a medical examiner found no evidence that the disease was acquired during his service. In addition, Mr. Newsome was diagnosed with eczema, vitiligo, and dermatitis ("skin disorder"), all of which were found to be related to his hepatitis C rather than to Agent Orange exposure. Mr. Newsome has also been diagnosed with chronic prostatitis ("prostate disorder") and erectile dysfunction, both of which a VA medical examiner found were unlikely related to Agent Orange exposure. Based on the medical evidence that found no likely relationship between Mr. Newsome's ailments and his service, the Board denied Mr. Newsome's request for service connection. Mr. Newsome appealed the Board's decision to the Veterans Court, which affirmed. Mr. Newsome then timely filed this appeal.

DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292. Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." Id. § 7292(d)(1). Further, absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. Id. § 7292(d)(2). See also McGee v. Peake, 511 F.3d 1352, 1355 (Fed. Cir. 2008).

In order for a veteran to establish a service connection, the veteran must show that an injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or that a preexisting condition was aggravated as a result of service, or through the application of statutory presumptions. 38 C.F.R. § 3.303(a) (2008). In limited circumstances, service connection may be presumed in the absence of evidence of the disease during the period of service. See 38 C.F.R. § 3.307(a). For example, the diseases for which service connection may be presumed are, in turn, listed. See, e.g., 38 C.F.R. § 3.309(a) (chronic diseases) and (e) (diseases associated with exposure to certain herbicide agents). See also Darby v. Brown, 10 Vet. App. 243, 246 (Vet. App. 1997) (holding that a veteran exposed to certain herbicide agents who suffers from a disease listed under 38 C.F.R. § 3.309(e) is entitled to a presumption that the disease is service connected).

Mr. Newsome argues that the Veterans Court erred in affirming the Board's decision denying him service connection for hepatitis C. To the extent that Mr. Newsome argues that the decision was erroneous as a matter of law, we disagree. Pursuant to 38 C.F.R. § 3.102, the Board may not award benefits when the award would be based upon pure speculation. In this case, the Board examined evidence from a VA physician, who found that Mr. Newsome could have contracted the disease

2008-7109 3

through sexual activity or post-service drug use. For this reason, the Board found that to find a service connection would be speculative. The Board's decision was affirmed by the Veterans Court. Finding no legal error, we affirm the decision of the Veterans Court.

Mr. Newsome further argues that the Veterans Court erred under 38 C.F.R. § 3.301(c)(1) by not granting his claim for disability compensation for hepatitis C. Under § 3.301(c)(1), venereal diseases are not regarded as the result of willful misconduct for the purpose of determining whether service connection is warranted. The Veterans Court did not cite § 3.301 because it is inapplicable to the present case. We find no legal error in this determination, therefore we affirm the Veterans Court on this issue.

Mr. Newsome also argues that the Veterans Court erred in affirming the Board's decision that his skin disorder and erectile dysfunction do not entitle him to service connection. Under 38 C.F.R. § 3.303(a), a veteran must show that a disease resulting in disability was incurred coincident with service in the Armed Forces, that a preexisting condition was aggravated as a result of service, or through the application of statutory presumptions. See also Groves v. Peake, 524 F.3d 1306, 1309 (Fed. Cir. 2008). The VA examiner found no connection between Mr. Newsome's in-service ailments and his current ailments, thus failing to meet the requirements of § 3.303. In addition, these specific ailments are not on the list of conditions under 38 C.F.R. § 3.309 that are afforded a presumption of service connection. Therefore, we conclude that the Veterans Court correctly affirmed the Board's decision.

Mr. Newsome argues that his prostate ailment should be presumptively service connected as a matter of law pursuant to 38 C.F.R. § 3.309(e). We disagree. Under

2008-7109                                4

§ 3.309(e), prostate cancer entitles Vietnam veterans to a presumption of service connection. The Board, however, found that prostatitis is not a disorder covered by § 3.309(e). An agency's interpretation of its own regulation is controlling unless it is "plainly erroneous or inconsistent with the regulation." See, e.g., Auer v. Robbins, 519 US 452, 461 (1997). Because the regulation is explicit as to prostate cancer and does not allow for a presumption of service connection for any other type of prostate disorder, the Board's interpretation of the regulation is not plainly erroneous or inconsistent with the regulation.

Mr. Newsome also alleges a violation of his constitutional rights, but fails to discuss any specific constitutional rights that were violated. Simply putting a constitutional label on a statutory or regulatory claim does not confer upon us jurisdiction that we otherwise lack. See Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (explaining that merely referring to a claim as constitutional without having a constitutional claim does not give this court jurisdiction to disturb findings of fact).

We have considered Mr. Newsome's remaining arguments and find them without merit.

For the foregoing reasons, we affirm the decision of the Veterans Court.

No costs.