# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-2424 (E)

BRIAN J. HART, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.


On Appellant's Application for Attorney Fees and Expenses


(Decided   March 11, 2009 )


*Virginia A. Girard-Brady*, of Lawrence, Kansas, for the appellant.

*James B. Cowden,* with *Carolyn F. Washington,* Deputy Assistant General Counsel, *R. Randall Campbell*, Assistant General Counsel*, and Paul J. Hutter*, General Counsel, all of Washington, D.C., for the appellee.

*Before* GREENE*, Chief Judge,* MOORMAN *and* LANCE*, Judges.*

GREENE, *Chief Judge*: Before the Court is Brian J. Hart's March 12, 2008, application for an award of $5,106.69 in attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  The Secretary argues that Mr. Hart was not a prevailing party and that the Secretary's position was substantially justified and, therefore, the application should be denied.  For the reasons that follow, the EAJA application will be denied.

In a November 2007 opinion, the Court vacated a June 2005 Board of Veterans' Appeals (Board) decision and remanded the matter of Mr. Hart's increased disability rating for his VA service-connected knee disability for readjudication.  *Hart v. Mansfield*, 21 Vet.App. 505 (2007). This EAJA application followed.

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F).  Mr. Hart's EAJA application was filed within the 30-day application period set forth in 28 U.S.C. § 2412(d)(1)(B) and satisfies any content requirements because the

application contains (1) an allegation that, by virtue of the Court's remand, Mr. Hart is a prevailing party within the meaning of EAJA; (2) a showing that he is a party eligible for an EAJA award because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. 28 U.S.C. § 2412(d)(1)(A), (1)(B), and (2)(B); *Scarborough v. Nicholson*, 19 Vet.App. 253 (2005); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). The Secretary maintains that the Court's decision in *Hart* was not predicated on administrative error, and therefore, Mr. Hart is not a prevailing party for EAJA purposes. Additionally, the Secretary argues that because the Court's decision in *Hart* was one of first impression, the Secretary's position during both the administrative and litigation stages was substantially justified.

Once an allegation of lack of substantial justification is made, the burden is on the Secretary to demonstrate that VA was substantially justified in its positions. *See Cullens*, *supra*; *Locher v. Brown*, 9 Vet.App. 535, 537 (1996). The Secretary's position is substantially justified "'if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Stillwell v. Brown*, 6 Vet.App. 291, 302 (1994) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). That determination is based not on any single factor, but on the totality of the circumstances, which includes consideration of, "among other things, 'merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties'" before the Court. *White v. Nicholson*, 412 F.3d 1314, 1317 (Fed. Cir. 2005) (quoting *Johnson v. Principi*, 17 Vet.App. 436, 442 (2004)). Additionally, the evolution of VA benefits law that has often resulted in new, different, or more stringent requirements for adjudication is one factor for the Court to consider. *Stillwell*, *supra*; *Bowey v. West*, 218 F.3d 1373, 1376-77 (Fed. Cir. 2000) (holding that substantial justification shall be determined on the basis of law that was in existence at time that Government adopted its position). Arguments presented in a case of first impression are more likely to be considered substantially justified than those where the Court determines that the Secretary ignored existing law. *See Johnson*, *supra*. However, "'[a] lack of judicial precedent adverse to the government's position does not preclude a fee under the EAJA.'" *Felton v. Brown*, 7 Vet.App. 276, 281 (1994) (quoting *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1459 (9th Cir.1988)). Thus, in a case of first impression

the Court must determine whether the Secretary's position was justified given the totality of the circumstances. *Felton*, *supra*.

The Secretary argues that the 2005 Board decision's failure to consider staged ratings for Mr. Hart's increased-rating claim was reasonable given the extant law. Secretary's Response at 8. Indeed, we acknowledged in *Hart* that, previously, staged ratings had been associated with the assignment of initial disability ratings. *See* 21 Vet.App. at 509 ("It is well established that, at the time of an initial rating, separate ratings can be assigned for separate periods of time based on the facts found–a practice known as staged ratings."); *Fenderson v. West*, 12 Vet.App. 119, 126 (1999) (noting that staged ratings are assigned at time initial disability rating is assigned). Additionally, we noted that our previous case law indicated that in increased-rating claims it is the present level of disability that is the primary focus for rating purposes. *See Hart*, *supra* (citing *Moore v. Nicholson*, 21 Vet.App. 211, 216-17 (2007); *Francisco v. Brown*, 7 Vet.App. 55, 58 (1994)); *see also Brammer v. Derwinski*, 3 Vet.App. 223, 225 (1992) (compensation for service-connected injury limited to those claims that show present injury). We agree with the Secretary that our finding of Board error in *Hart* was based on an issue of first impression and that the Board had a reasonable basis in law and fact for adjudicating Mr. Hart's increased-rating claim without reference to whether staged ratings were appropriate. *See Johnson* and *Stillwell*, both *supra*. Accordingly, we hold that the Secretary's position was substantially justified at the administrative stage.

Appealing the 2005 Board decision, Mr. Hart argued that the Board had failed to provide an adequate statement of reasons or bases for dismissing medical evidence favorable to his increased-rating claim. During litigation before this Court, the issue of the applicability of staged-increased ratings was raised sua sponte and the parties were ordered to file supplemental memoranda of law addressing that issue. In response, the Secretary conceded that staged ratings may be applicable in increased-rating claims, but maintained that such application was not warranted in Mr. Hart's particular case. *See Hart*, *supra*. The Secretary continued to argue for affirmance on the basis that any failure to consider staged ratings was nonprejudicial to Mr. Hart's increased-rating claim because there was no evidence of record that Mr. Hart's knee disability warranted an increased rating at any point in time during the pendency of his claim. *See id*. at 510. Although this argument was not persuasive, the argument nevertheless had a reasonable basis in law and fact on this issue of first

impression. *See Johnson* and *Stillwell*, both *supra*. Moreover, the Secretary's concession in the supplemental memorandum of law demonstrated that he was not involved in impermissible "foot dragging" at the litigation stage regarding the application of staged ratings to increased ratings. *Pierre v. West*, 12 Vet.App. 92, 97 (1998) (citing *Bowyer v. Brown*, 7 Vet.App. 549, 550 (1995)). Therefore, the Secretary has demonstrated that his litigation position in the appeal of this case was reasonable, and thus, substantially justified. *See Cullens, supra*; *Stillwell*, 6 Vet.App. at 303; *see also Carpenter v. West*, 12 Vet.App. 316, 321 (1999) ("'EAJA redresses governmental abuse, it was never intended to chill the government's right to litigate or to subject the public fisc to added risk of loss when the government chooses to litigate reasonably substantiated positions, whether or not the position later turns out to be wrong.'") (quoting *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993)).

Upon consideration of the pleadings filed for this appeal, and for the reasons stated herein, the EAJA application is DENIED.