# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-11697; 04-2375(E)

JAMES C. GROVES, APPELLANT,

v.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided July 2, 2009)

*Virginia A. Girard-Brady*, of Lawrence, Kansas, was on the brief for the appellant.

*Paul J. Hutter*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *David L. Quinn*, Deputy Assistant General Counsel; and *Tracy K. Alsup*, all of Washington, D.C., were on the brief for the appellee.

Before MOORMAN, LANCE, and SCHOELEN, *Judges*.

SCHOELEN, *Judge*: Before the Court is the application of the appellant, James C. Groves, for an award of legal fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of $7,800.50, for the work of his lawyer, Virginia A. Girard-Brady, Esq., as well as one of Ms. Girard-Brady's associates. *See* Appellant's Application for an Award of Reasonable Attorney Fees and Expenses (EAJA App.) at 1-13. The Secretary filed an opposition to that application. *See* Secretary's Response to Appellant's Application for Attorney Fees and Expenses (Resp.) at 1-11. The Court grants the EAJA application.

## I. BACKGROUND

### A. The Underlying Case

In March 1982, the VA regional office (RO) issued a decision that denied the appellant's claim for service connection for schizophrenia because there was no evidence of such a condition

in the appellant's service medical records. *Groves v. Nicholson*, No. 04-2375, 2007 U.S. App. Vet. Claims LEXIS 898, *1-2 (May 18, 2007) (*Groves I*), *rev'd sub nom. Groves v. Peake*, 524 F.3d 1306 (Fed. Cir. 2008) (*Groves II*). The appellant later argued that the 1982 RO decision was premised on clear and unmistakable error (CUE). *Id.* at *3. On May 18, 2007, this Court affirmed the Board's decision. *Id.* at *8-10. The appellant appealed this Court's decision to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). *See Groves II*, 524 F.3d at 1307. The Federal Circuit concluded that the 1982 RO decision contained CUE and reversed this Court's decision. *Id.* at 1309.

### B. The EAJA Application and the Arguments of the Parties

The appellant filed his timely EAJA application, in which he (1) asserts that he is a prevailing party; (2) states that he is eligible for an award because his net worth is less than $2,000,000; and (3) includes an itemized list of fees and expenses sought. EAJA App. at 2. The application therefore satisfies, and the Secretary does not contest, the first three EAJA pleading requirements, *see* 28 U.S.C. § 2412(d)(1)(B). *See* Resp. at 1-11. The appellant also asserts:

> The specific position of the Department of Veterans Affairs, that the Secretary had fulfilled its duty to assist [the appellant] in developing his claim and that the record was thus sufficient for purposes of adjudicating the merits of the veteran's claim for benefits, was not substantially justified.

EAJA App. at 2; *see* 28 U.S.C. § 2412(d)(1)(B).

On October 31, 2008, the Secretary filed his opposition to the application, in which he correctly notes that the underlying case did not involve the duty to assist. Resp. at 4. Rather, the appellant had asserted that the 1982 RO decision contained CUE. *See Groves I*, 2007 U.S. App. Vet. Claims LEXIS 898 at *1. The Secretary argues that the appellant's assertion "is predicated upon a faulty premise and should be rejected as such." Resp. at 4. In the alternative, the Secretary argues that he was substantially justified in opposing the appellant's CUE motion, both at the administrative level and at this Court. *Id.*

2

## II. ANALYSIS

### A. The Specificity Demanded by the "Not Substantially Justified" Requirement

The questions before the Court – the degree of specificity demanded by the "not substantially justified" pleading requirement, and whether a failure to correctly identify the position of the Secretary that was not substantially justified – are questions of statutory interpretation. As such, we begin with the words of the statute, which we interpret "'in their context and with a view to their place in the overall statutory scheme.'" *Tyler v. Cain*, 533 U.S. 656, 662 (2001) (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)); *see McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1328 (Fed. Cir. 2005) ("Statutory interpretation begins with the language of the statute, the plain meaning of which we derive from its text and its structure.").

The relevant portion of the EAJA statute simply states: "The party [seeking fees] shall also allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). The statute imposes no specificity requirement beyond that. The requirement that parties merely allege that the Secretary's position was not substantially justified stands in contrast to the sentence immediately preceding it: Fee applicants must "*show*[] that the party is a prevailing party and is eligible to receive an award." *Id.* (emphasis added); *see Russello v. United States*, 464 U.S. 16, 23 (1983) ("'[Where] Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972))).

Moreover, the EAJA's legislative history signifies that Congress did not intend to make the "not substantially justified" pleading requirement a specific one. By requiring that appellants plead that the Government's position was not substantially justified, Congress sought "to ward off irresponsible litigation, *i.e.*, unreasonable or capricious fee-shifting demands." *Scarborough v. Principi*, 541 U.S. 401, 415 (2004). In other words, by highlighting a lawyer's duty not to engage in frivolous litigation, the "not substantially justified" allegation would make a lawyer "think twice" before seeking fees. *Id.* But once a lawyer has engaged in the requisite contemplation and determined that it is ethical to seek fees, the burden falls to the Government to demonstrate that its position was substantially justified. *See id.* at 414-15. This Court has also consistently held

that "[o]nce an appellant has *alleged*" – not proved – "a lack of substantial justification, the burden shifts to the Secretary to prove that VA was substantially justified in its administrative and litigation positions." *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc) (emphasis added).[1]

In short, fee applicants in this Court need only *allege* that the Secretary's position was not substantially justified. They need not *prove* that it was not. If they do provide argument in favor of their allegation, even if that argument is erroneous, the burden still falls upon the Secretary to show substantial justification. It may be a different case if the Secretary were misled or detrimentally relied on the appellant's erroneous argument.

Here, the appellant did assert that the Secretary's position was not substantially justified. EAJA App. at 2. Although the reason he gave for why the Secretary's position was unjustified was not the correct one, he has met the EAJA's requirement, and the burden now falls to the Secretary. The Secretary was not confused by the error and was able to articulate his position.

Even though we have rejected the Secretary's argument, it is somewhat compelling because when a lawyer seeks to draw private fees from the public fisc, she should at least ensure that the fee application is accurate. However, as the Court has explained, "EAJA awards belong to the claimant, not his or her attorney," *Carpenter v. Principi*, 15 Vet.App. 64, 75 (2001) (en banc). Thus, the lackluster performance of the appellant's counsel should not be held against the appellant. *See Molden v. Peake*, 22 Vet.App. 177, 181 (2008) (refusing to dismiss EAJA application for failure to comply with the Court's rules). It would have been better practice for the appellant's attorney to have amended the appellant's EAJA application when the Secretary pointed out her obvious drafting error. However, the Court sees nothing to be gained by now forcing the attorney to amend the application to directly raise an issue to which the Secretary has already fully responded.

---

[1] The Court's original version of its rule regarding EAJA fees required EAJA applications to include "identification of the specific position or positions of the Secretary that the applicant alleges were not substantially justified." U.S. VET. APP. R. 39(b)(2) (1993). This provision was rescinded by this Court's decision in *Bazalo v. Brown*, 9 Vet.App. 304, 311 (1996) (en banc), *rev'd on other grounds sub nom. Bazalo v. West*, 150 F.3d 1380 (Fed. Cir. 1998). This Court has never amended its rule to include the content requirements of the original Rule 39(b).

B.  Whether the Secretary's Position Was Substantially Justified

Having concluded that the appellant has met the pleading requirements imposed by the EAJA, we turn now to determining whether the Secretary's position was substantially justified. The Secretary asserts that it was.  He first notes that the October 2004 Board decision found no CUE in the 1982 RO decision because the evidence then before the RO did not mandate a finding that the appellant's postservice diagnosis of schizophrenia was connected to his in-service mental disorders.  Resp. at 6.  He notes also that appellants in a CUE matter bear a high burden of proof.  Resp. at 6-7 (citing *Russell v. Principi*, 3 Vet.App. 310, 313-14 (1992) (en banc); *Bustos v. West*, 179 F.3d 1378 (Fed. Cir. 1999)).  The Secretary finally notes that this Court agreed with his position, and asserts that this combination of factors militates against a finding that his position was not substantially justified.  Resp. at 7-8.

The Secretary's position is substantially justified "'if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact'" even if that position is found to be incorrect.  *Stillwell*, 6 Vet.App. at 302 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).  The determination of whether a position is substantially justified is based not on any single factor, but on the totality of the circumstances, which includes consideration of, "among other things, 'merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties'" before the Court.  *White v. Nicholson*, 412 F.3d 1314, 1317 (Fed. Cir. 2005) (quoting *Johnson v. Principi*, 17 Vet.App. 436, 442 (2004)).  This is a close question.  On balance, however, the totality of the circumstances leads to a conclusion that the Secretary's position was not substantially justified.  It is true that this Court agreed with his position, which lends credence to the Secretary's assertion that a reasonable person could find it correct.  However, this Court did not directly address the appellant's regulatory argument.  The mere fact that "one other court agreed or disagreed with the [Secretary] does not establish whether [his] position was substantially justified." *Pierce*, 487 U.S. at 568.  The plain language of 38 U.S.C. § 3.309(a) and § 4.130 indicates that schizophrenia is a chronic disease and service connection should have been awarded pursuant to § 3.303(b).  *See Groves II*, 524 F.3d at 1309. Given the plain language of the Secretary's regulations, the Secretary failed to apply the existing law and we cannot conclude that the Secretary was substantially justified in his position.  *Cf.*

5

*Hart v. Shinseki*, 23 Vet.App. 9, 11 (2009) ("Arguments presented in a case of first impression are more likely to be considered substantially justified than those where the Court determines that the Secretary ignored existing law.").

The Secretary does not argue that the fees and expenses sought by the appellant are unreasonable. And, upon review, the Court does not find them unreasonable on their face. We will therefore grant the EAJA application in full.

## III. CONCLUSION

On consideration of the foregoing, it is ORDERED that the appellant's EAJA application is GRANTED in the amount of $7,800.50.