Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 181011-529
DATE: July 30, 2021

ORDER

Entitlement to service connection for bilateral hearing loss is granted.

Entitlement to service connection for tinnitus is granted.

FINDINGS OF FACT

1. The competent and probative evidence of record is at least in equipoise as to whether the Veteran's bilateral hearing loss is related to in-service noise exposure.

2. The competent and probative evidence of record is at least in equipoise as to whether the Veteran's tinnitus onset in service.

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2020).

2. The criteria for entitlement to service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2020).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from February 1986 to June 1990.

A rating decision was issued under the legacy system in February 2018. In May 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review option. The agency of original jurisdiction (AOJ) issued an AMA rating decision pursuant to RAMP in September 2018. In an October 2018 RAMP Selection form, the Veteran appealed this decision to the Board and elected to have a hearing before the Board.

The Veteran testified before the undersigned Veterans Law Judge at a Board videoconference hearing in April 2020.

The Board may only consider the evidence of record at the time of the July 2018 RAMP opt-in, as well as any evidence submitted by the appellant or his or her representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

1. Entitlement to service connection for bilateral hearing loss 

2. Entitlement to service connection for tinnitus

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

With chronic disease shown as such in service (or within the presumptive period under § 3.307), so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. 38 C.F.R. § 3.303(b). To show a chronic disease in service, a combination of manifestations sufficient to identify the disease entity is required, as is sufficient observation to establish chronicity at the time. 38 C.F.R. § 3.303(b). The Court has established that 38 C.F.R. § 3.303(b), applies to only those chronic diseases listed in 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); 38 U.S.C. § 1101. With respect to the current appeal, that list includes and organic diseases of the nervous system (including hearing loss and tinnitus). See 38 C.F.R. § 3.309(a).

Service connection may also be granted for a disease first diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).

In addition, for Veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, including organic diseases of the nervous system, are presumed to have been incurred in service if they manifested to a compensable degree within one year of separation from service. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307 (a), 3.309(a). However, in order for the presumption to apply, the evidence must indicate that the disability became manifest to a compensable (10 percent) degree within one year of separation from service. See 38 C.F.R. § 3.307.

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

The Veteran asserts that his hearing loss and tinnitus disabilities are due to in-service noise exposure, to include service aboard aircraft carriers. The Veteran reported onset of tinnitus and hearing loss in and/or shortly after discharge from service, and continuously since service.

The Veteran has a current disability of bilateral hearing loss pursuant to 38 C.F.R. § 3.385. This is demonstrated in the March 2017 VA examination, which speech discrimination scores of 90 percent bilaterally. The examiner also diagnosed bilateral tinnitus. Thus, the first element of service connection is met.

In regard to an in-service event, while the Veteran's service treatment records do not reflect hearing loss or related complaints, his personnel records indicate that he served in the Navy aboard the U.S.S. Dwight D. Eisenhower and U.S.S. Midway aircraft carriers. He has expressed that he was exposed to loud noise. The Board finds the Veteran's reports of loud noise exposure credible. Thus, the second element of service connection is met.

The remaining question, then, is whether the claimed disabilities are related to service, to include noise exposure therein.

In that regard, on VA audiology treatment in December 2016, the Veteran reported bilateral intermittent tinnitus for approximately 10 years or more. He also reported a shift in hearing that he had notice over the last 4 years.

The March 2017 VA examiner opined that the Veteran's bilateral hearing loss was less likely than not related to service. The examiner noted that hearing thresholds at the time of entrance and separation were within normal limits. According to the American College of Occupational Medicine Noise and Hearing Conservation Committee, a noise induced hearing loss will not progress once it stopped. Therefore, it was the examiner's opinion that the Veteran's current hearing loss is less likely than not related to military noise exposure/acoustic trauma.

As to the Veteran's tinnitus, the examiner also opined that it was less likely than not related to service. The examiner noted that there was a lack of complaints of hearing loss or tinnitus in service, and the time between service and the date of the evaluation was without significant evidence of any audiology treatment in the intervening years. 

In a December 2017 report, a private audiologist indicated that the Veteran had a hearing loss disability that was consistent with his known military noise exposure/acoustic trauma. In addition, his tinnitus stared in the mid-1980s while working on an aircraft carrier, consistent with significant noise exposure. It was her opinion that, based on the reported tinnitus and date of onset, tinnitus was at least as likely as not the result of military noise exposure.

In a February 2018 addendum opinion, the reviewing audiologist noted that the Veteran had a military occupational specialty as a Naval Imagery Interpreter. Hearing was documented to be within normal limits from 1981 to 1990 and there were no significant threshold shifts. There was no documentation of tinnitus in medical records. Based on review of the records, the audiologist opined that the Veteran's claim hearing loss and tinnitus are less likely as not a result of military service, to include military noise exposure.

During the Veteran's Board hearing, the Veteran said that he had first noticed his hearing loss when he first got out of service, but it had worsened in the last 10 years or so. He indicated that he had not had any occupational noise exposure after service. The Veteran's spouse also testified that she had noticed hearing problems when they met in 1995, and he would often ask her to repeat what she said. The Veteran also noted tinnitus in service and continuously since service.

With respect to the claimed hearing loss, the Board acknowledges that there are competing opinions with respect to the etiology of the Veteran's hearing loss, with the VA examiners concluding that such a relationship was less likely than not, and the private audiologist related the Veteran's hearing loss to his in-service noise exposure.

In this case, while the private audiologist did not provide supporting rationale for the opinion, the 2018 VA examiner only addressed the Veteran's military occupational specialty noise exposure, and not his credible reports as to noise exposure in service resulting from his service aboard aircraft carriers. Moreover, the 2017 VA examiner indicated that the opinion was based on the lack of a significant threshold shift in service, when the absence of evidence of such hearing loss in service is not necessarily fatal to the claim. See Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Given the inadequacies of these opinions, the Board finds the medical opinion evidence of record to be in relative equipoise.

In light of the Veteran's credible reports of noise exposure in service, the testimony from the Veteran and his spouse regarding hearing loss shortly after service, and his post-service diagnosis of bilateral sensorineural hearing loss that has been linked to in-service noise exposure by the private audiologist, the Board resolves all reasonable doubt in the Veteran's favor and finds that the preponderance of the evidence supports that the Veteran's hearing loss is related to in-service noise exposure. As all three elements of service connection are met, service connection for bilateral hearing loss is warranted.

As to the Veteran's tinnitus, the Board finds the Veteran's reports as to the onset of symptoms in service, as well as the continuity of his symptoms since service, during the Board hearing and on private evaluation, to be credible. Because tinnitus is a recognized chronic condition for which a layperson's testimony is competent to report symptomatology, the Board finds that both and in-service incurrence and continuity of symptomatology since service, is established. See, e.g., Barr v. Nicholson, 21 Vet. App. 303 (2007) (concerning varicose veins); see also Charles v. Principi, 16 Vet. App. 370 (2002) (tinnitus); Falzone v. Brown, 8 Vet. App. 398 (1995) (flatfeet).

(Continued on the next page)

 

The Board acknowledges the VA examiners' opinions; however, as indicated above, the 2018 examiner based the opinion in large part on the low probability of noise exposure from his occupational specialty, when noise exposure has been conceded. At the time of the 2017 examination, the Veteran did not provide an exact timeframe of onset, as he has on other occasions. The Board accordingly affords these opinions limited probative value.

Given that the Veteran competently and credibly reports that he first noticed ringing in his ears in service, and that such ringing in his ears has continued since service, as well as the private medical opinion in support of the claim, the Board finds that the Veteran's tinnitus had its onset during service and is etiologically related to service. Service connection for tinnitus is warranted. 38 C.F.R. §§ 3.303(b), 3.307, 3.309(a); Walker, 708 F.3d at 1331; Groves v. Peake, 524 F.3d 1306, 1309-1310 (2008); Fountain v. McDonald, 27 Vet. App. 258 (2015).

 

 

A. S. CARACCIOLO

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board G. E. Wilkerson, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.