# United States Court of Appeals for the Federal Circuit

2007-7177

JAMES H. HOGAN,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Janet R. Carter, The Veterans Law Group, of La Jolla, California, argued for claimant-appellant. With her on the brief was Mark R. Lippman.

Devin A. Wolak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney Genera, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2007-7177

JAMES H. HOGAN,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-1336, Judge William A. Moorman.

_____

DECIDED: October 9, 2008

_____

Before MAYER, LINN, and PROST, <u>Circuit Judges.</u>

MAYER, <u>Circuit Judge</u>.

James H. Hogan appeals a judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals that denied his claim for service connection for generalized anxiety disorder. <u>Hogan v. Nicholson</u>, No. 04-1336 (Ct. Vet. App. Jan. 30, 2007). We <u>affirm</u>.

**I.**

Hogan served on active duty in the military from August 1976 to July 1982, from September 1982 to September 1986, and from May 1987 to June 1990. In August

1997, he filed a claim with a Veterans Affairs regional office ("RO") seeking benefits for "chronic stress/anxiety disorder." In June 1999, the claim was denied.

In February 2000, the RO received an undated letter from Marta McKay, a licensed professional counselor, who had seen Hogan for counseling. McKay stated:

> Mr. Hogan presented a diagnostic picture of chronic anxiety. Although I cannot prove or state definitively that [Hogan's] anxiety started in the 1980's or that it was military connected, it is likely that his anxiety disorder has been long-standing for many years and just as likely that he suffered from anxiety during his time in the military.

In July 2001, the board remanded Hogan's claim to the RO for further neuropsychiatric examinations. Subsequently, Edith Dalton, a Veterans Administration psychiatric examiner, diagnosed Hogan with "generalized anxiety disorder." Dalton stated that while she believed that Hogan's anxiety started during his "traumatic" childhood, events occurring in the military had "exacerbated" his condition.

In December 2002, the board denied Hogan's claim for service-connected benefits for generalized anxiety disorder. Hogan then appealed to the Veterans Court. The parties subsequently submitted a joint motion stating that the board had provided inadequate support for its conclusion that Hogan's anxiety disorder was not incurred in service. Accordingly, the Veterans Court remanded the case to the board for further consideration.

On remand, the board again denied Hogan's claim. It acknowledged that Dalton, the Veterans Administration psychiatric examiner, had stated that Hogan's military experience had "exacerbated" his anxiety disorder. The board found, however, that since there had been no showing of a permanent increase in his generalized anxiety disorder as a result of his military service, Dalton's opinion was insufficient to establish

service connection.[1]  The board noted, moreover, that in a 1986 medical examination for separation from service and in a 1991 report of medical history, Hogan denied having "depression, excessive worry, or other nervous trouble."

On appeal, the Veterans Court affirmed.  The court observed that Hogan's April 1982, September 1986, and December 1991 separation examinations indicated that his psychiatric condition was "normal."  Hogan, No. 04-1336, slip. op. at 5.  Moreover, "the earliest documentation of psychiatric symptoms and of a diagnosis of generalized anxiety disorder was made several years after [Hogan's] separation from service."  Id. (citations and internal quotation marks omitted).  In the court's view, McKay's "equivocal" statements regarding the etiology of Hogan's generalized anxiety disorder had "no probative value" and could be considered "non-evidence" on the issue of whether Hogan had established a nexus between his military service and his anxiety disorder.  Id. at 6.

## II.

In reviewing a decision of the Veterans Court, this court is vested with authority to "decide all relevant questions of law, including interpreting constitutional and statutory provisions."  38 U.S.C. § 7292(d)(1).  We review statutory and regulatory interpretation de novo.  Buchanan v. Nicholson, 451 F.3d 1331, 1334 (Fed. Cir. 2006); Dambach v. Gober, 223 F.3d 1376, 1380 (Fed. Cir. 2000); Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991).

---

[1] On appeal, Hogan does not challenge the board's evaluation of Dalton's opinion.  Instead, Hogan challenges only the evaluation of McKay's opinion by the board and the Veterans Court.

Hogan argues that the Veterans Court incorrectly interpreted 38 U.S.C. § 5107(a)[2] by adopting a rule that a medical opinion constitutes credible evidence only when it is stated "in definitive terms" or "with absolute medical certainty." Specifically, he asserts that the court erroneously determined that the opinion of his therapist, McKay, had no probative value because McKay was unable to state definitively when his generalized anxiety disorder began.

We do not agree with Hogan's interpretation of the Veterans Court's decision. Contrary to Hogan's assertions, the court did not adopt—either implicitly or explicitly—a rule that service connection can be established only when a medical professional can state definitively or with certainty when a particular disorder or condition began. Instead, the board fully assessed McKay's opinion, but found it insufficient to establish service condition given that: (1) McKay did not state that it was likely that Hogan's anxiety disorder began during or as a result of his military service, and (2) there was substantial evidence in the record showing that Hogan's anxiety disorder did not begin until after he left the military.

This country has long recognized its obligation to provide for those who continue to suffer from a disease or disability incurred while in active military service. See Boggs v. Peake, 520 F.3d 1330, 1334 (Fed. Cir. 2008) ("In 1957, Congress consolidated into a single act the subject matter of the extensive body of existing legislation authorizing and governing the payment of compensation for service-connected disability or death to persons who served in the military, naval, or air force of the United States." (citations and internal quotations omitted)). To establish a right to benefits, a veteran must show

_____

[2] In pertinent part, 38 U.S.C. § 5107(a) provides: "Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits."

that a current disability is "service connected," i.e., that there is a medical nexus between the disability and an "in-service precipitating disease, injury or event." Disabled Am. Veterans v. Sec'y of Veterans Affairs, 419 F.3d 1317, 1318 (Fed. Cir. 2005).

We agree with Hogan that the opinion of the Veterans Court contains some troubling language: the court should not have referred to McKay's letter as "non-evidence." Clearly, an opinion from a licensed counselor regarding the etiology of a claimant's psychological disorder must be considered as "evidence" of whether the disorder was incurred in service. See 38 C.F.R. § 3.159(a)(1) ("Competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions."). After reviewing the record, however, we conclude that any error by the court was one of semantics, not substance. See Shedden v. Principi, 381 F.3d 1163, 1168 (Fed. Cir. 2004). A mature reading of the court's opinion makes clear that when the court stated that McKay's opinion was "non-evidence," it meant that because the opinion did not state that Hogan's anxiety disorder was likely incurred during or as a result of his military service—and there was substantial evidence showing that his disorder did not begin until after he left the military—it was insufficient to establish service connection. See Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997) (The board has "authority to discount the weight and probity of evidence in the light of its own inherent characteristics and its relationship to other items of evidence."); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376 (Fed. Cir. 2007) ("[T]he Board retains discretion to make credibility determinations and otherwise weigh the evidence submitted . . . .").

A determination regarding service connection requires consideration of "<u>all</u> pertinent medical and lay evidence," 38 C.F.R. § 3.303(a) (emphasis added), including medical opinions that do not state definitively when a particular disorder or condition began. See <u>Groves v. Peake</u>, 524 F.3d 1306, 1309 (Fed. Cir. 2008) ("'[D]eterminations as to service connection will be based on review of the <u>entire</u> evidence of record.'" (quoting 38 C.F.R. § 3.303(a)) (emphasis added)); <u>Capellan v. Peake</u>, 539 F.3d 1373, 1382 (Fed. Cir. 2008) (The board must make decisions regarding service connection based upon consideration of "<u>all</u> evidence submitted by the claimant." (emphasis added)). Contrary to Hogan's assertions, the Veterans Court did not adopt a rule that a medical opinion lacks credibility if it does not state definitively or with "absolute medical certainty" when a particular disorder or condition began. We therefore affirm.

<u>AFFIRMED</u>

<u>COSTS</u>

No costs.