Citation Nr: 1546193 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 13-32 780 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUES

1. Entitlement to service connection for diabetes mellitus.

2. Entitlement to service connection for a spine disorder.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

W. Yates, Counsel



INTRODUCTION

The Veteran served on active duty from June 1956 to July 1959. This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky.

This appeal has been advanced on the Board's docket. 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The evidence of record does not demonstrate that the Veteran's current diabetes mellitus was present in service, is presumptively related to service, or is related to service. 

2. The evidence of record does not demonstrate that the Veteran's current spine disorder, diagnosed as cervical and lumbar spondylosis, old compression fracture of L1, and degenerative disc disease, was present in service, is presumptively related to service, or is related to service. 


CONCLUSIONS OF LAW

1. The criteria for service connection for diabetes mellitus have not been met. 38 U.S.C.A. § 1131 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2015).

2. The criteria for service connection for a spine disorder have not been met. 38 U.S.C.A. § 1131 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2015).



REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2014).

The RO's August 2012 letter advised the Veteran of the elements of VA's notice requirements. See Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002); see also Bernard v. Brown, 4 Vet. App. 384, 394 (1993). The letter also provided the Veteran with notice of what type of information and evidence was needed to establish a disability rating, as well as notice of the type of evidence necessary to establish an effective date. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Accordingly, the RO satisfied the notice requirements with respect to the issue on appeal. 

The duty to assist the Veteran has also been satisfied. The RO has obtained the Veteran's service treatment records and all of his identified post-service treatment records. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. The Board also finds that a medical opinion is not required to adjudicate the Veteran's claims. 

A medical examination or medical opinion is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but as follows: (1) contains competent lay or medical evidence of a current diagnosed disorder or persistent or recurrent symptoms of disorder; (2) establishes that the Veteran suffered an event, injury, or disease in service, or has a disease or symptoms of a disease subject to a VA presumption manifesting during an applicable presumptive period, provided the claimant has qualifying service; and (3) indicates that the claimed disorder or symptoms may be associated with the established event, injury, or disease in service. 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159(c)(4); see also McLendon v. Nicholson, 20 Vet. App. 79 (2006).

In this case, the Veteran's service treatment records are completely silent as to any complaints of or treatment for diabetes mellitus or a spine disorder. The report of his July 1959 separation examination noted that his endocrine system and spine were normal. Moreover, the first evidence of record showing complaints of or treatment for diabetes mellitus or a spine disorder is not shown for more than 30 years after his separation from service. Accordingly, the Veteran is not shown to have diabetes mellitus or a spine disorder during service, or within the first post service year.

Although diabetes mellitus and a spine disorder is currently shown, there is no evidence indicating that either disorder is associated with the Veteran's military service. As for his diabetes mellitus, the first evidence of this disorder is not shown until April 2001, over 40 years after the Veteran's separation from military service. Moreover, at his informal hearing before the RO in August 2014, the diabetes mellitus was diagnosed 10 to 15 years earlier. He also denied having had this disorder during his military service.

As for his spine disorder, post service records reflect treatment for this condition beginning in 1992. Specifically, these treatment records reflect the Veteran's complaints of spine pain after having injured himself in a fall in 1992. No reference to an inservice back injury was indicated. Moreover, as discussed below, the Board does not find the Veteran's contentions concerning his spine disorder to be credible. Thus, an examination would not be helpful to the Board in adjudicating either claim being addressed herein. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Pursuant to the Board's September 2014 remand, the RO obtained the Veteran's outstanding VA treatment records form May 1996 to March 2015. Accordingly, the directives of the Board's April 2014 remand have been met. See Stegall v. West, 11 Vet. App. 268 (1998).

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 20 Vet. App. 537 (2006); see also Dingess/Hartman, 19 Vet. App. at 486.
II. General Legal Criteria

Service connection may be established for a disability resulting from personal injury incurred or disease contracted in the line of duty, or for aggravation of a preexisting injury incurred or disease contracted in line of duty, in the active military, naval, or air service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303. Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Generally, the evidence must show: (1) the existence of a present disability; (2) inservice incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

Service connection for certain chronic diseases, to include arthritis and diabetes mellitus, may be established on a presumptive basis by showing that the disease manifested itself to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C.A. §§ 1101, 1112; 38 C.F.R. §§ 3.307(a)(3), 3.309(a). In such cases, the disease is presumed under the law to have had its onset in service even though there is no evidence of that disease during the period of service. 38 C.F.R. § 3.307(a). The term "chronic disease" refers to those diseases listed under section 1101(3) of the statute and section 3.309(a) of VA regulations. 38 U.S.C.A. § 1101(3); 38 C.F.R. § 3.309(a); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Where a chronic disease under 3.309(a) is "shown as such in service" ("meaning clearly diagnosed beyond legitimate question") Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013), or in the presumptive period so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. 38 C.F.R. § 3.303(b). In cases where a chronic disease is "shown as such in service", the Veteran is "relieved of the requirement to show a causal relationship between the condition in service and the condition for which service connected disability compensation is sought." Walker, 708 F.3d at 1336 (Fed. Cir. 2013). Instead, service connection may be granted for subsequent manifestations of the same chronic disease without any evidence of link or connection between the chronic disease shown in service and manifestations of the same disease at a later time. In other words, "there is no 'nexus' requirement for compensation for a chronic disease which was shown in service, so long as there is an absence of intercurrent causes to explain post-service manifestations of the chronic disease." Id.

If evidence of a chronic condition is noted during service or during the presumptive period, but the chronic condition is not "shown to be chronic, or where the diagnosis of chronicity may be legitimately questioned," i.e., "when the fact of chronicity in service is not adequately supported," then a showing of continuity of symptomatology after discharge is required to support a claim for disability compensation for the chronic disease. Proven continuity of symptomatology establishes the link, or nexus, between the current disability and serves as the evidentiary tool to confirm the existence of the chronic disease while in service or a presumptive period during which existence in service is presumed." Id. 

III. Factual Background and Analysis

A. Diabetes Mellitus

After reviewing the evidence of record, the Board concludes that the preponderance of the evidence is against his claim for service connection for diabetes mellitus on a presumptive basis. There is no evidence indicating that the Veteran's diabetes mellitus manifested itself to a degree of 10 percent or more within one year from the date of separation from service. The Veteran's July 1959 examination found his endocrine system to be normal, and a diagnosis of diabetes mellitus was not shown for more than 40 years later.

The preponderance of the evidence is also against the Veteran's claim for service connection for diabetes mellitus on a direct basis. The Veteran's service treatment records are silent as to any complaint of or treatment for diabetes mellitus. His endocrine system was listed as normal at the time of his July 1959 separation examination. Post service treatment records first reference diabetes mellitus in April 2001. Specifically, an April 2001 VA treatment report noted that the Veteran had elevated glucose readings. The report then concluded with a diagnosis of rule out diabetes mellitus. Subsequent treatment reports reflect that he was formally diagnosed with diabetes mellitus in November 2004, with ongoing treatment thereafter. 

There is no medical evidence suggesting a link between the Veteran's current diabetes mellitus and his military service decades earlier. Moreover, at his August 2014 informal hearing before a decision review officer at the RO, the Veteran indicated that diabetes mellitus had been diagnosed 10 to 15 years earlier, and he denied having diabetes mellitus having had its onset during service or within the first post service year.

As the preponderance of the evidence is against the claim, the statutory provisions regarding resolution of reasonable doubt are not applicable. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

B. Spine Disorder

As an initial matter, the post-service evidence of record establishes a current spine disability, including diagnoses of cervical and lumbar spondylosis, old compression fracture of L1, and degenerative disc disease. The Veteran contends that he injured his back while working in a warehouse during his military service. After reviewing the entire claims file, the Board concludes that the service connection is not warranted for a spine disorder. 

Historically, the Veteran served on active duty in the Navy from June 1956 to July 1959. A review of his service treatment records is completely silent as to any complaints of or treatment for a spine injury or disability. His July 1959 separation examination listed his spine as normal.

Post service treatment reports fail to show any treatment for or complaints of a spine disorder until decades after the Veteran's separation from military service. Moreover, the Veteran's post service treatment records reflect that he sought treatment for a spine disorder following a post service spine injury. Specifically, a March 1997 VA treatment report noted that the Veteran's chief complaint was chronic upper and lower spine pain, with a history of a broken lower spinal vertebrae from a fall in 1992. The report concluded with diagnoses of old L1 fracture, 1992; and cervical spine and lumbosacral spine spondylosis. An October 1997 VA treatment report noted the Veteran's past medical history of having broken a lower spinal vertebrae in a fall in 1992. The report listed an impression of old L1 fracture, 1992, in an accident. A February 2005 VA treatment report noted the Veteran's history of having been involved in several motor vehicle accidents and also having had sport injuries in the past, with healed sacral fracture and dislocated coccyx. There is no reference in these reports to any inservice back injury or ongoing back symptoms since his military service.

Based upon a review of the entire evidence of record, the Board finds the Veteran's allegations herein to be lacking in credibility, and without any probative value. Caluza v. Brown, 7 Vet. App. 498, 511 (1995) (finding that in weighing the credibility, VA may consider inconsistent statements, internal inconsistency, and consistency with other evidence of record). Contrary to his allegations, the Veteran's service treatment records, which appear to be complete, are completely silent as to any complaints of or diagnosis of a spine injury. His July 1959 separation examination found his spine to be normal. The first post service complaint of or treatment for a spine disorder is not shown until 1992, over 30 years after his discharge from the service. Moreover, these VA treatment records reference a post service spine injury in 1992, and are completely silent as to any ongoing spine disorder originating in the Veteran's military service.

As there is no probative medical evidence linking the Veteran's current spine disorder to his military service, service connection cannot be established. Hogan v. Peake, 544 F.3d 1295, 1297 (Fed. Cir. 2008). In reaching this decision, the Board has considered the doctrine of reasonable doubt, but has determined that it is not applicable to this claim because the preponderance of the evidence is against the claim. Gilbert, 1 Vet. App. at 54. 


ORDER

Service connection for diabetes mellitus is denied.

Service connection for a spine disorder is denied.



____________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs